UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **NING YE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-103 (ESH) |
| | ) | |
| **ERIC H. HOLDER, JR.,** | ) | |
| Attorney General, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is here again on defendant Maria Amato's motion for dismissal. Plaintiff Ning Ye, an attorney proceeding *pro se*, has sued defendant, who is the general counsel for the District of Columbia Department of Corrections ("DOC"), as well as various federal officials for various torts and civil rights violations. The Court's prior Order dismissed all claims against Amato except for one defamation claim based upon an email, written in response to an inquiry by plaintiff's colleague David Zapp, in which defendant stated that plaintiff "lied" about giving his client some candy when visiting him at the D.C. Jail. *See Ning Ye v. Holder*, No. 09-CV-103, 2009 WL 2475169, at *3-*6, *8 (D.D.C. Aug. 13, 2009). Amato now moves for summary judgment on that remaining defamation claim or, in the alternative, to dismiss that claim for lack of subject matter jurisdiction. (*See* Mem. of P. & A. in Supp. of Def. Amato's Mot. for Summ. J. ("Mem.") at 7.) The Court will grant the motion and dismiss the remaining claim against her for

lack of jurisdiction.[1]

A court with original federal jurisdiction over certain claims has supplemental jurisdiction over state law claims "that are so related . . . that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "In order for a federal claim and a state-law claim to form part of the 'same case or controversy,' the claims must derive from a 'common nucleus of operative fact.'"  *Taylor v. District of Columbia*, 626 F. Supp. 2d 25, 28 (D.D.C. 2009) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966)).  "If there is almost no factual or legal overlap between the state and federal claims, a common nucleus of operative fact does not exist."  *Id.*  Where the federal law claims that provide the Court with original jurisdiction over the action have been dismissed, the Court "may decline to exercise supplemental jurisdiction" over the remaining state law claims.  28 U.S.C. § 1367(c)(3).

Here, the only remaining federal claims are those against the federal defendants in Counts II, III, IV, and VIII.  *See Ning Ye*, 2009 WL 2475169, at *8.  These counts allege discrimination on the basis of race or national origin, false arrest and false imprisonment,

---

[1] Notably, plaintiff does not oppose defendant's jurisdictional argument.  Instead, he only requests discovery pursuant to Federal Rule of Civil Procedure 56(f).  Because the Court is granting the motion on jurisdictional grounds as a matter of law in light of the facts asserted in plaintiff's complaint and accompanying exhibits, the Court denies plaintiff's request "because the discovery sought is not relevant to the Court's analysis of the issues presented . . . ."  *Mahoney v. District of Columbia*, No. 09-CV-105, 2009 WL 3126620, at *10 n.7 (D.D.C. Sept. 30, 2009).  And even if the discovery sought were arguably relevant, plaintiff offers only "conclusory assertion[s] without any supporting facts" regarding his belief that further discovery would create a triable issue.  *See Byrd v. E.P.A.,* 174 F.3d 239, 248 n.8 (D.C. Cir. 1999) (affirming grant of summary judgment for defendant and finding no abuse of discretion in denying Rule 56(f) request for discovery where plaintiff had "merely alleged that 'there may well be knowledge on the part of [the defendant's] employees or undisclosed documents" that would create fact issues).

malicious prosecution, and civil fraud, and they arise from plaintiff's March 18, 2008 altercation with U.S. Marshals following a hearing in this courthouse and his subsequent indictment on October 23, 2008 for assaulting two Marshals. (*See* Compl. at 13-16, 18.) By contrast, the sole remaining claim against Amato, for common law defamation, arises from two entirely separate events: one incident at the D.C. Jail on February 23, 2008, and an October 3, 2008 email to Zapp, who had written to Amato on plaintiff's behalf. *See Ning Ye*, 2009 WL 2475169, at *5, *8. "The events that trigger liability for [Amato] and for the [federal defendants] are completely separate . . . ." *Taylor*, 626 F. Supp. 2d at 29 (dismissing common law tort claims against one defendant for lack of jurisdiction where remaining federal claims only alleged constitutional violations by other defendants); *cf. Singh v. George Washington Univ.*, 368 F. Supp. 2d 58, 72 (D.D.C. 2005) (finding no supplemental jurisdiction over state law defamation claim because facts needed to prove defamation claim "would offer no insight" into facts needed to prove federal discrimination claim), *vac'd on other grounds*, 508 F.3d 1097 (D.C. Cir. 2007). "Accordingly, the state and federal claims here do not derive from a common nucleus of operative fact and the [C]ourt concludes that it should not exercise supplemental jurisdiction over the state-law claims alleged against [Amato]." *Taylor*, 626 F. Supp. 2d at 29.[2]

---

[2] In the alternative, defendant argues that her statement is not actionable as defamation because plaintiff cannot establish it was published to a third party, *see Jankovic v. Int'l Crisis Group*, 494 F.3d 1080, 1088 (D.C. Cir. 2007) (setting out third-party publication as defamation element), since Zapp was acting as plaintiff's agent and therefore did not constitute a "third party." (Mem. at 4.) The Court agrees that Zapp was acting as plaintiff's agent when he wrote to Amato; he stated twice he was acting "on behalf" of plaintiff when inquiring how plaintiff could regain access to the D.C. Jail. (*See* Compl., Ex. 3.)

There is also considerable persuasive authority for defendant's contention that "[p]ublication to an agent of the plaintiff who is acting at plaintiff's behest and on his behalf is tantamount to a publication to the plaintiff himself, and as such does not fulfill the publication requirement." *Delval v. PPG Indus., Inc.*, 590 N.E.2d 1078, 1081 (Ind. App. 1992). *See, e.g.*,

For the foregoing reasons, it is hereby **ORDERED** that defendant Amato's motion is **GRANTED** and the remaining claim under Count VII is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED.**

                                                             /s/
                                        ELLEN SEGAL HUVELLE
                                        United States District Judge

DATE:   November 4, 2009

---

Restatement 2d Torts § 577, cmt. (e) ("[I]f the [allegedly defamatory] communication is in answer to a letter or a request from the other or his agent, the publication may not be actionable in defamation."); *Eggleston v. Klemp*, 295 F. App'x 233, 234 (9th Cir. 2008) ("Publications made to agents of the complaining party will not support an action for defamation when the complaining party or his agents induced the publication."). However, because courts in this jurisdiction do not appear to have yet decided this question of law, the Court declines to reach it at this time. *Cf. Nat'l Disabled Soldiers' League v. Haan*, 4 F.2d 436, 439, 441 (D.C. Cir. 1925) (holding that where U.S. senator acted as agent of plaintiff organization by writing defendant to inquire about defendant's supposed mistreatment of organization's member, and where defendant responded to senator by disputing plaintiff's characterization of events and citing plaintiff's "unsavory" reputation, defendant's statement was protected by qualified privilege because, *inter alia*, senator was acting on plaintiff's behalf).